# CHARLESTON.

UNITED FUEL GAS COMPANY *v.* P. W. SNYDER *et als.*

(No. 5631)

Submitted April 21, 1926.    Decided June 8, 1926.

(Rehearing Denied November 12, 1926.)

BOUNDARIES—*As General Rule, General Calls for Quantity Must Yield to More Certain and Locative Lines of Adjoining Owners Which Are or Can be Made Certain.*

The general rule in determining what is included in a conveyance is that general calls for quantity must yield to more

certain and locative lines of the adjoining owners which are or can be made certain.

(Boundaries, 9 C. J. § 122.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

LIVELY, WOODS, JUDGES, absent.

Appeal from Circuit Court, Kanawha County.

Suit by the United Fuel Gas Company against P. W. Snyder and others for an injunction. From a decree dissolving a temporary injunction and dismissing plaintiff's bill, plaintiff appeals.

*Reversed; injunction reinstated.*

*Harold A. Ritz,* for appellant.
*J. Raymond Gordon,* for appellees.

LITZ, PRESIDENT:

The plaintiff appeals from a decree of the circuit court of Kanawha county denying the relief prayed for in its bill of complaint. The suit involves the right to operate for oil and gas a tract of 13 acres of land situated in Kanawha county.

By deed dated July 28, 1872, John B. Snyder and wife conveyed to H. L. Holden, L. G. Huling, James H. Huling and Daniel B. Snyder a 213 acre tract of land in Kanawha county adjoining another parcel owned by Daniel B. Snyder of 200 acres. The granting clause in the deed follows:

> "The said John B. Snyder does hereby grant and convey with covenants of general warranty forever to said parties of the second part, all that certain tract or parcel of land, on Elk River in Kanawha county, West Virginia, which was conveyed by John Snyder, deceased, to said John B. Snyder, by deed dated Feby 26th, 1869, which said deed is Recorded in Kanawha County Recorders Office, and to which reference is here made for full description of the property hereby conveyed, the said tract of land contains two hundred and thirteen acres, and is hereby con-

> veyed to the parties of the second part as follows,
> to said Daniel B. Snyder separately and apart,
> from the other parties herein, thirteen acres on the
> back end, of the tract joining H. Hill, the said
> thirteen acres to be Surveyed, and set apart, and
> to have no connection with the residue of said
> tract, after the said thirteen acres is deducted
> from said tract, the one half interest in the residue
> thereof to said Holden, and the other half *of*
> said L. G. Huling and J. H. Huling, in equal pro-
> portions making the grant herein to D. B. Sny-
> der of thirteen acres, and the residue or two hun-
> dred acres, to said Holden and J. H. & L. G. Hu-
> ling as follows: to said Holden a half interest and
> to said L. G. and J. H. Huling, each respectively,
> the one-fourth interest in said two hundred
> acres.''

Daniel B. Snyder died leaving by will to his widow, Eme-
line S. Snyder, the 200 acres and 13 acres. Upon her death
these lands descended to the defendants, who by written
agreement dated February 21, 1914, leased to the plaintiff,
its successors or assigns, for the purpose of operating for
oil and gas:

> ''All that certain tract of land situate in Big
> Sandy District, Kanawha County, and State of
> West Virginia, on the waters of Elk River,
> bounded substantially as follows:-
> On the North by lands of J. H. Huling,
> On the East by lands of Morrison Copen estate,
> On the South by lands of John Snyder and Elk River,
> On the West by lands of Susan Brawley estate,
> containing Two hundred (200) acres, more or
> less.''

The real question in controversy is whether the 13 acres is
embraced within the foregoing description, which is con-
ceded to include the 200 acres; the plaintiff asserting the
affirmative, and the defendant the negative of the proposi-
tion. The defendants contend, and we think correctly, that
the 13 acres and 200 acres adjoin, making one connected

boundary owned by them at the time of executing the lease. Therefore the calls for the lands of others as boundaries of the demised premises necessarily included the 13 acres. If the parties had intended otherwise this tract, which separates the 200 acres from the "lands of J. H. Huling" would have been called for as an adjoiner. In the absence of other controlling calls, the call for adjoiners fixes the boundaries so described. 9 C. J. 172. The basis of the contention that the 13 acres is not embraced in the lease rests upon that part of the description stating the area to be "200 acres more or less", and the evidence that the two tracts actually contain 223.189 acres. "The general rule in determining what is included in a conveyance is that general calls for quantity must yield to more certain and locative lines of the adjoining owners which are or can be made certain." 9 C. J. 224. The statement in a conveyance of the amount of land to be conveyed is not a factor in establishing boundaries, unless the more particular description expressed is indefinite and uncertain. It is very generally considered that quantity is the least certain element of description and the last to be resorted to in fixing boundaries. Ordinarily all other elements of description must lose their superior value through ambiguities and uncertainties before resort can be had to quantity. *South Penn Oil Co.* v. *Knox,* 68 W. Va. 362, 69 S. E. 1020; *State* v. *King,* 64 W. Va. 546, 63 S. E. 468.

Concluding, therefore, that the said 13 acres conveyed to Daniel B. Snyder by deed of July 28, 1872, is a part of the leased premises, the decree of the circuit court dissolving the temporary injunction against the defendants and dismissing the plaintiff's bill is reversed, and the injunction reinstated and perpetuated during the continuance of said lease.

*Reversed; injunction reinstated.*